UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-14031-Graham/McCabe

UNITED STATES OF AMERICA,

v.

ERICK MELVIN MOULTON,
a/k/a/ "Erick Marvin Moulton,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss ("Motion"), which was referred to the undersigned by United States District Judge Donald L. Graham. (DE 28, DE 31). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED.**

**I.     BACKGROUND**

On July 25, 2024, a federal grand jury returned a two-count indictment against Defendant. (DE 1). Count 1 charges that, on or about May 23, 2024, Defendant knowingly and intentionally distributed a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count 2 charges that, on or about May 23, 2024, Defendant knowingly possessed a "firearm, that is, a Glock machinegun conversion device, which is a part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, as defined in [26 U.S.C. §§ 5845(a)(6) and 5845(b)], which firearm was not registered to [Defendant] in the National Firearms Registration and Transfer Record, as required by [26 U.S.C. § 5841], in violation of [26 U.S.C. § 5861(d)]." (DE 1 at 2).

## II. STANDARD

By way of this Motion, Defendant seeks dismissal of Count 2 of the indictment pursuant to Fed. R. Crim P. 12(b), which provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (cleaned up). "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (cleaned up).

## III. DISCUSSION

Defendant urges dismissal on two grounds, each of which the Court will address in turn.

### A. Elimination of *Chevron* Deference

First, Defendant urges dismissal of Count 2 based on the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), which overruled the longstanding concept of *Chevron* deference. Prior to *Loper*, federal courts gave deference to reasonable agency interpretations of statutes administered by the relevant agency. *See Chevron, U.S.A, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). In the wake of *Loper*, federal courts no longer owe such deference and must make their own independent judgments concerning the interpretation of ambiguous statutes administered by federal agencies. *See Loper Bright Enterprises*, 144 S. Ct. at 2265.

In this case, Count 2 charges Defendant with possession of an unregistered "firearm" in violation of 26 U.S.C. § 5861(d). (DE 1). Pursuant to 26 U.S.C. § 5861(a)(6), the term "firearm" includes a "machinegun." And pursuant to 26 U.S.C. § 5845(b), the term "machinegun" includes certain "parts" as follows:

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. *The term shall also include* the frame or receiver of any such weapon, *any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun,* and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

(Emphasis added).

The instant case charges Defendant with possession of a prohibited "part," namely, an unregistered Glock switch, which the indictment describes as a "machinegun conversion device, which is a part designed and intended solely and exclusively, or a combination of parts designed and intended, for use in converting a weapon into a machinegun…." (DE 1 at 2). Count 2 therefore charges Defendant with possession of a "part," which meets the statutory definition of a "machinegun," which in turn meets the statutory definition of a "firearm."

Defendant argues that Count 2 must be dismissed because the Government has relied upon the ATF's statutory interpretation of the term "machinegun" to bring this case. (DE 28 at 2). In support, Defendant points to ATF Ruling 81-4, where the ATF determined, for administrative purposes, that an "AR15 auto sear" (which functions like a Glock switch) qualified as "machinegun" for purposes of 26 U.S.C. § 5845(b). (DE 28 at 3). Defendant argues that the Court, in the wake of *Loper*, can no longer rely on ATF interpretations such as those set forth in ATF

3

Ruling 81-4. (DE 28 at 3). As such, Defendant argues that Count 2 must be dismissed. As set forth below, the Court disagrees for two reasons.

### 1. Count 2 States an Offense

First, an indictment is generally sufficient if it sets forth "the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (cleaned up); *see also United States v. Adkinson*, 135 F.3d 1363, 1375 n.37 (11th Cir. 1998) (noting that an indictment need do "little more than track the language of the statute"). When an indictment tracks the language of the statute, it should also "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense … with which he is charged." *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (cleaned up).

Applying this standard, the Court finds Count 2 sufficient to survive dismissal. Count 2 tracks the language of the offense charged, 26 U.S.C. § 5861(d), as well as the statutory definition of "machinegun" set forth in 26 U.S.C. § 5845(b). Count 2 also includes sufficient facts and circumstances to inform Defendant of the specific offense charged, i.e., possession of an unregistered Glock machinegun conversion device. (DE 1). As such, the Court finds Count 2 sufficient. *See United States v. Hoover*, 635 F. Supp. 3d 1305, 1318-19 (M.D. Fla. 2022) (denying motion to dismiss where indictment tracked the language of the statute and adequately advised the defendant that he was charged with possession of an unregistered machinegun conversion device); *see also United States v. Farmer*, No. 2:22-CR-20678, 2024 WL 4254320, at *4 (E.D. Mich. Sept.

20, 2024) (denying motion to dismiss where indictment charged possession of an unregistered Glock conversion device).

By filing this Motion, Defendant essentially raises a pre-trial factual attack on the merits of the Government's case. That is to say, Defendant believes the Government's evidence, presumably that Defendant possessed an unregistered Glock switch, will not be sufficient to meet the statutory definition of "machinegun" set forth in 26 U.S.C. § 5845(b). Defendant cannot raise this type of pre-trial challenge, however, because the Federal Rules of Criminal Procedure do not offer a pre-trial remedy akin to a civil summary judgment. *See United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("There is no summary judgment procedure in criminal cases.") (cleaned up). Instead, the Federal Rules of Criminal Procedure allow the Government to present its evidence at trial, after which a defendant can test the sufficiency of that evidence by way of a motion for acquittal pursuant to Fed. R. Crim. P. 29. *Id.* As the Eleventh Circuit has explained, "[a] motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure." *Id.*

The Court therefore declines to determine, on a motion to dismiss, whether the Government's evidence at trial will be sufficient to prove the offense charged in Count 2. This ruling does not preclude Defendant from raising these arguments at later stages of the case.

### 2. Count 2 Does Not Rely Upon ATF's Statutory Interpretation

Next, the Motion should be denied because Count 2 does not rely upon the ATF's interpretation of the statutory term "machinegun." As such, neither *Chevron* nor *Loper* apply to this case. To be sure, the ATF previously determined, by way of ATF Ruling 81-4, that an "AR15

auto sear" meets the definition of "machinegun" and must therefore be registered in the National Firearms Registration and Transfer Record. But the ATF's opinion will not be part of this case. Instead, the jury will make its own factual determination, after receiving evidence concerning the functioning of a Glock switch, combined with appropriate jury instructions from the District Judge, as to whether or not the item that Defendant allegedly possessed qualifies as a "machinegun" under the law.

The District Judge will likely instruct the jury based upon the plain language of 26 U.S.C. § 5845(b), which defines "machinegun" as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger," as well as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." In short, the Government's case rests on the plain language of § 5845(b), not the ATF's interpretation of that language. *See Farmer*, 2024 WL 4254320, *3-4 (denying motion to dismiss and noting that "Defendant is incorrect that the Government relies on the ATF's interpretation of the statute for the charges against him"). As such, neither *Chevron* nor *Loper* apply to this case.

The Court has considered, but finds unpersuasive, Defendant's citation to *Garland v. Cargill*, 602 U.S. 406 (2024). In that case, a consumer brought an action to enjoin a new ATF Rule that (1) interpreted the term "machinegun" to include bump stocks, and (2) required owners of bump stocks to either destroy or surrender them. *Id.* at 414. In a post-*Loper* case, the Supreme Court disagreed with ATF's interpretation that the statutory definition of "machinegun" included bump stocks. *Id.* at 415-428. As such, the Supreme Court found that ATF exceeded its authority under the Administrative Procedures Act by enacting the new rule. *Id.* at 415.

In the Court's view, *Cargill* has no bearing on this case. *Cargill* involved the validity of an ATF regulation that reflected the agency's interpretation of the statutory term "machinegun." This case, by contrast, does not involve or rely upon any ATF rules, regulations, or other interpretations of statutory terms. *Cargill* does not support dismissal of Count 2.

### B.      Void for Vagueness

Defendant also argues that Count 2 must be dismissed because the terms "part" and "parts," as used in 26 U.S.C. § 5845(b), are unconstitutionally vague as applied to his case. (DE 28 at 6). The Court rejects this argument as premature. As-applied challenges to unconstitutional vagueness should not be brought by way of a motion to dismiss. *See United States v. Ferguson*, 142 F. Supp. 2d 1350, 1355 (S.D. Fla. 2000) (rejecting as-applied challenge as premature at the motion-to-dismiss stage). Rather, such challenges "should properly be raised through a Rule 29 motion for judgment of acquittal, when the Court can assess whether a reasonable person would have understood that the conduct adduced to prove the offenses was prohibited by [the statute]." *Id.*; *see also United States v. Wood*, 730 F. Supp. 2d 1354, 1364 n.3 (S.D. Ga. 2010) ("Rather, such a challenge is more appropriately brought at trial by way of a Rule 29 motion for judgment of acquittal (after the government has presented its case-in-chief or after close of all the evidence) or by submitting the issue to the jury."). The Motion should therefore be denied as premature.

### IV.      RECOMMENDATION & NOTICE TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (DE 28) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States

District Judge Donald L. Graham. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 13th day of November 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE