UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
Case No. 24-CR-14031-GRAHAM

UNITED STATES OF AMERICA

v.

ERICK MELVIN MOULTON,
a/k/a/ "Erick Marvin Moulton,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court originally on Defendant's Motion to Dismiss ("Motion"), which was referred to the Honorable United States Magistrate Judge Ryon McCabe. (ECF Nos. 28, 31). The matter is now before the Court on the Magistrate Judge's Report and Recommendation. (R&R) (ECF No. 32). The Court also considers the Defendant's Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 36).

**THIS MATTER** was initiated when Defendant was charged by a two-count Indictment. (ECF No.1). Count 1 charges that, on or about May 23, 2024, Defendant knowingly and intentionally distributed a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count 2 charges that, on or about May 23, 2024, Defendant knowingly possessed a "firearm, that is, a Glock machinegun conversion device, which is a part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, as defined in [26 U.S.C. §§ 5845(a)(6) and 5845(b)], which firearm was not registered to [Defendant] in the National Firearms Registration and Transfer Record, as required by [26 U.S.C. § 5841], in violation of [26 U.S.C. § 5861(d)]." (ECF No. 1 at 2).

Defendant's motion seeks dismissal of Count 2 of the indictment pursuant to Fed. R. Crim P.

12(b). (ECF No. 28). First, Defendant urges dismissal of Count 2 based on the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), which overruled the longstanding concept of *Chevron* deference. Prior to *Loper*, federal courts gave deference to reasonable agency interpretations of statutes administered by the relevant agency. See *Chevron, U.S.A, Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). In the wake of *Loper,* federal courts no longer owe such deference and must make their own independent judgments concerning the interpretation of ambiguous statutes administered by federal agencies. See *Loper Bright Enterprises*, 144 S. Ct. at 2265. Defendant also argues that Count 2 must be dismissed because the terms "part" and "parts," as used in 26 U.S.C. § 5845(b), are unconstitutionally vague as applied to his case. (ECF No. 28 at 6). The government filed, and the Court considers, its response in opposition to Defendant's motion to dismiss Count 2 of the Indictment. (ECF No. 30).

Upon consideration of the record, Magistrate Judge McCabe issued a R&R recommending that Defendant's motion to dismiss be denied. (ECF No.32). Thereafter, Defendant filed timely objections to Magistrate Judge McCabe's R&R. (ECF No. 36). The matter is ripe for review. As set forth below, the Court overrules Defendant's objections and ADOPTS the R&R.

### I.     DEFENDANT'S OBJECTIONS

Defendant Moulton objects to the Magistrate Judge's R&R. (ECF No. 36). Specifically, Defendant disagrees with the Magistrate's Judge's statement that he is "essentially raising a pre-trial factual attack on the merits of the Government's case." (ECF No. 36, p.7). However, he "agrees with the Magistrate Court," and urges the Court to restrict its factual review to what is contained in the indictment to resolve his Rule 12 challenge. (ECF No. 36, p.8). Defendant also "disagrees with the Magistrate Judge's premise that this case relies on the ATF's interpretation of the statute for the charges against him." (ECF No. 36, p. 8). Instead, Mr. Moulton avers that the conduct at issue, firearm possession, falls within the Second Amendment's plain text. Finally, Defendant contends that the Magistrate Judge's

"proffered history falls short of satisfying its *Bruen* burden," the challenged statutes do not fall within "the exceptional circumstances" for which one could not possess a firearm under the Second Amendment, and the "challenged statutes historical incongruity demands dismissal." (ECF No. 36, at 8).

## I.     DISCUSSION

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Here, the Court accepts the findings and recommendations of the Magistrate Judge in its entirety.

The Court overrules Defendant's objection to the Magistrate Judge's specific statements regarding characterization of his attack. The Court agrees that Count 2 sufficiently tracks the language of the offense charged, 26 U.S.C. § 5861(d), as well as the statutory definition of "machinegun" set forth in 26 U.S.C. § 5845(b). Count 2 also includes sufficient facts and circumstances to inform Defendant of the specific offense charged, i.e., possession of an unregistered Glock machinegun conversion device. (ECF No. 1). As such, the Court finds Count 2 sufficient to survive dismissal. Notwithstanding Defendant's seemingly inconsistent position, the Court, as suggested by Defendant, limits it s factual review to the sufficiency of the allegations contained in the indictment. Such a limit does not change the Court's findings.

Similarly, the Court overrules Defendant's objection and mischaracterization of the Magistrate Judge's finding. The Magistrate Judge premise, as stated by Defendant, is not that the case relies on the AFT's interpretation. Rather, the Magistrate Judge determined, and this Court agrees, that the Government's case rests on the plain language of 26 U.S.C. § 5845(b), not the ATF's interpretation of that language. The plain language of 26 U.S.C. § 5845(b), defines "machinegun" as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger," as well as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon

into a machinegun." With appropriate instructions, the jury would determine, based on the factual evidence, whether the functioning Glock switch that Defendant allegedly possessed qualifies as a "machinegun" under the law. The ATF's opinion or interpretation of the statute is of no consequence in this case. As such, neither *Chevron* nor *Loper* applies to this case.

The Court also rejects Defendant's argument that this case, instead, is about whether Mr. Moulton's conduct falls within the Second Amendment's plain text, and whether the purported firearm regulation is historically warranted.

Likewise, the Court overrules Defendant's objection to the Magistrate Judge's "proffered history" and "oblique reference" to statue and failure to address the historical reference regarding the Second Amendment and possession of firearm. Accordingly, Defendant's objections are overruled.

## II.   CONCLUSION

**THE COURT** has conducted a *de novo* review of the file and is otherwise fully advised in the premises. Accordingly, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge McCabe's Report is hereby **RATIFIED, AFFIRMED and APPROVED** in its entirety (ECF No. 32). It is further

**ORDERED AND ADJUDGED** that Defendant Moulton's Objections (ECF No. 36) are **OVERRULED**. It is further

**ORDERED AND ADJUDGED** that Defendant Moulton's Motion to Dismiss (ECF No. 28) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of December 2024.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record